HARLEY O. WELLS
9222 S. Wells Rd.
Safford, AZ 85546
(928)322-7265

CATHERINE M. WELLS
9222 S. Wells Rd.
Safford, AZ 85546
(928)228-3142

Plaintiffs Standing Pro Se

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

HARLEY O. WELLS, a state of
Arizona citizen, CATHERINE M.
WELLS, a state of Arizona citizen,

                Plaintiff,

V.

STATE OF ARIZONA, DEPARTMENT OF
PUBLIC SAFETY, a department of the
executive branch of the State of Arizona;
GRAHAM COUNTY, ARIZONA, a political
sub-division of the state of Arizona; Deputy
STEVE CARTER, in his personal capacity;
Detective TY WILLIS, in his personal capacity;
Deputy MARK SMITH, in his personal capacity;
Detective S. ENRICO, in his personal capacity;
Detective T. DESKINS, in his personal capacity;
STATE GOVERNMENT ENTITIES A thru X;
COUNTY GOVERNMENT ENTITIES A
thru X; DOE'S INDIVIDUALS A thru X,

                Defendants.

Case No.  CV-00434-TUC-SHR

**FIRST AMENDED
COMPLAINT**

CV-22-00434-TUC-SHR

C.W.

## COMPLAINT FOR DAMAGES

1

## JURISDICTION AND VENUE

### 1.

Venue is proper in the encapsulated case in accordance with A.R.S. 12-401(15) as a principal defendant is the COUNTY OF GRAHAM, State of Arizona and due to the fact that named public officer defendant's named herein in their private capacity, conducted operations under the color of law, in a concerted effort, within the Graham County.

Jurisdiction and powers of the Court is proper in accordance with 28 U.S.C. § 1441(a) and 28 U.S.C. § 1446 as served Defendants have provided Notice of Removal to the United States District Court for the District of Arizona as early as September 22, 2022.

## PARTIES

### 2.

**Plaintiffs**

HARLEY ODELL WELLS and CATHERINE M. WELLS are husband and wife, are Arizona Citizens that reside at 9222 S. Wells Rd., Safford, Graham County, AZ 85546 in excess of four (4) years.

### 3.

**Defendant Parties**

Defendant GRAHAM COUNTY is a political subdivision of the state of Arizona. The county seat is located in Sanford, Arizona with the primary operating offices located in the same municipality.

### 4.

Defendant Deputy STEVE CARTER, in his personal capacity, is an employee of Defendant GRAHAM COUNTY, works as a deputy within the Graham County Sheriff's Department and is also a member of the Southeastern Arizona Drug Task Force.

**5.**

Defendant Detective TY WILLIS (#5815), in his personal capacity, is an employee of the state of Arizona, works as a detective within Arizona Department of Public Safety and is also a member of the Southeastern Arizona Drug Task Force

**6.**

Defendant Deputy MARK SMITH, in his personal capacity, is an employee of Defendant GRAHAM COUNTY, works as a deputy within the Graham County Sheriff's Department and is also a member of the Southeastern Arizona Drug Task Force.

**7.**

Defendant Detective S. ENRICO (#6497), in his personal capacity, is an employee of Defendant GRAHAM COUNTY, works as a detective within the Graham County Sheriff's Department and is also a member of the Southeastern Arizona Drug Task Force.

**8.**

Defendant Detective T. DESKINS (#7891), in his personal capacity, is an employee of Defendant GRAHAM COUNTY, works as a detective within the Graham County Sheriff's Department and is also a member of the Southeastern Arizona Drug Task Force.

**THE RELEVANT PROVISIONS OF THE UNITED STATES CONSTITUTION AND U.S. CODE**

**9.**

**The Fourteenth Amendment** to the United States Constitution provides "nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

///

///

3

**The Fourth Amendment** to the United States Constitution provides "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

## 11.

**42 U.S.C. § 1983** - Civil action for deprivation of rights

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress..."

## 12.

**42 U.S.C. § 1985** - Conspiracy to interfere with civil rights

(3)DEPRIVING PERSONS OF RIGHTS OR PRIVILEGES

"If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; "

///

///

**13.**

**18 U.S. Code § 242** - Deprivation of rights under color of law

Whoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any person in any State, Territory, Commonwealth, Possession, or District to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States, or to different punishments, pains, or penalties, on account of such person being an alien, or by reason of his color, or race, than are prescribed for the punishment of citizens, shall be fined under this title or imprisoned not more than one year, or both; and if bodily injury results from the acts committed in violation of this section or if such acts include the use, attempted use, or threatened use of a dangerous weapon, explosives, or fire, shall be fined under this title or imprisoned not more than ten years, or both; and if death results from the acts committed in violation of this section or if such acts include kidnapping or an attempt to kidnap, aggravated sexual abuse, or an attempt to commit aggravated sexual abuse, or an attempt to kill, shall be fined under this title, or imprisoned for any term of years or for life, or both, or may be sentenced to death.

## GENERAL ALLEGATIONS

**14.**

The Plaintiff HARLEY ODELL WELLS was issued an Arizona Department of Health Services Medical Marijuana Program Patient card on August 3, 2018 and is specifically annotated to indicate that the plaintiff is authorized to cultivate marijuana.

**15.**

The Plaintiff CATHERINE M. WELLS was issued an Arizona Department of Health Services Medical Marijuana Program Patient card on August 3, 2018 and is specifically annotated to indicate that the plaintiff is authorized to cultivate marijuana.

**16.**

In their respective and individual lawful practice of growing marijuana in accordance with Arizona law, each named defendant segregated their respective cultivation practices and clearly marked each individual plant with plain markings as to the owner and cultivation authorization(s) in accordance with the Department of Health Services Marijuana Program.

**17.**

On or about October 20, 2018, Defendant DEPUTY STEVE CARTER, operating under the authority of the Defendant GRAHAM COUNTY by and threw the Southeastern Arizona Drug Task Force, entered upon the plaintiff's property without expressed permission, without having a warrant to enter the premises of the property and failed to inform the plaintiffs of his presence on the property for the sole purpose of photographing the plaintiff's permitted designated grow area.

**18.**

Defendant DEPUTY STEVE CARTER, in unlawfully entering the property of the plaintiffs, did so in a stealthy manner by accessing the property from the backside of the property which is seldomly monitored and placed himself in a position to take such photographs which is approximately a quarter mile from the boundary line of the property. Furthermore, it is physically impossible to view the grow area from the access road along the railroad tracks which the plaintiff's established permission to construct under a private easement which the Defendant CARTER entered without a warrant or probable cause. Inspection of the photographs clearly indicate that the Defendant was on the plaintiff's property when he took the photographs.

**19.**

On October 25, 2018, Defendant Detective TY WILLIS of the Arizona DEPARTMENT OF PUBLIC SAFETY submitted an affidavit to the Superior Court in application for a search warrant under probable cause. A search warrant, No SW201800004 was issue under the stated

6

1    request for the property owned by the plaintiffs, parcel number 113-28-014. The search warrant

2    was exclusively in the name of the plaintiff HARLEY ODELL WELLS.

20.

4        Between October 25, 2018 and October 30, 2018, now retired (over thirty years) Deputy

5    Kendall Curtis of the Graham County Sheriff's Department, who was a member of the

6    Southeastern Arizona Drug Task Force, was asked by Defendant Deputy MARK SMITH to

7    participate in the upcoming service of a search warrant on the plaintiff's property. Deputy Curtis

8    directly and unequivocally declined to participate in the effort and in fact commented to Defendant

9    Smith that the plaintiff HARLEY ODELL WELLS was not breaking any laws and that they should

10   not proceed.

21.

12        On October 30, 2018, a team of various agency parties, which includes the named

13   defendants as part of the Defendant Graham County, directed and led by the Southeastern Arizona

14   Drug Task Force conducted the service of the search warrant upon the above detailed property

15   located at E. Tin Ranch Road, Safford, AZ, Parcel number 113-28-014.

22.

17        Upon the execution of the above referenced search warrant, the named defendants,

18   operating under the direction of and as constituent parts of the Southeastern Arizona Drug Task

19   Force, seized property belonging to both plaintiffs as if they were co-mingled as being owned

20   exclusively by the plaintiff HARLEY ODELL WELLS, even though the marijuana being grown

21   lawfully was segregated and clearly marked, appropriately in accordance with the Arizona Revised

22   Statutes and their respective Arizona Department of Health Services Medical Marijuana Program

23   authorization to be the exclusive property of the individual plaintiff's, separately.

24   *///*

**23.**

In addition to the above, the named defendants, either individually or collectively, also seized miscellaneous equipment and cameras along with also destroying locks and other personal property of both plaintiffs named herein.

**24.**

As a result of the service of the search warrant, the ARIZONA DEPARTMENT OF PUBLIC SAFETY, under the guise of the Southeastern Arizona Drug Task Force, at some point in time after November 15, 2018 and before September 4, 2019, summitted to the court a "Search Warrant Receipt Report", incident #AZ1800431153, which included a General Report complete with statement from Defendant Det. TY WILLIS (#5815), Det. S. ENRICO (#6497) and Det. T. DESKINS (#7891) detailing the events of the service of the warrant.

**25.**

Included in the aforementioned statements contained within the "Search Warrant Receipt Report" are references to the utilization of the photographs taken by Defendant DEPUTY STEVE CARTER that were taken prior to the acquiring of a warrant for the justification of probable cause and in addition it was claimed that the grow area was able to be seen from the road. However, the closest public highway/road is located approximately 10 miles away from the property making it totally impossible to physically see the grow area from a public road.

**26.**

As a result of the actions by the Defendants, Deputy STEVE CARTER, Det. TY WILLIS, Det. S. ENRICO, Det. T. DESKINS, and Deputy MARK SMITH and Defendant GRAHAM COUNTY operating under the guise of the Southeastern Arizona Drug Task Force, the Plaintiff HARLEY ODEAL WELLS was arrested on September 4, 2019. The plaintiff was incarcerated for a period of six (6) days and released on September 9, 2019.

**27.**

The Plaintiff HARLEY ODELL WELLS was officially charged with the production of Marijuana, a Class 5 Felony in violation of A.R.S. Sections 13-3405(A)(3) and (B)(7), 13-3401, 13-701 and 13-901 and ordered to answer before the Superior Court for the stated charges on September 11, 2019.

**28.**

The trial for the charges against the Plaintiff HARLEY ODELL WELLS, under case #CR2019-00260, was commenced on February 5, 2020, and concluded on the following day, February 6, 2020 ending with his conviction by a jury.

**29.**

During the trial, the Plaintiff HARLEY O. WELLS was refused the right to inspect and display the marijuana that he had legally grown to the jury which was only presented in open court to the jury in a single closed and sealed cardboard box. The State of Arizona claimed that they had in their possession upwards of 30 similar boxes but did not physically present them to the jury. Upon demand to open the purported evidence, the Court refused under the guise that such a production or display would "Offend the women" of the jury. In open court, the Plaintiff vehemently objected to the Courts decision to exclude him from the inspection and presentation of such evidence.

**30.**

On March 4, 2021, the Plaintiff HARLEY ODELL WELLS filed an appeal to the decision of the SUPERIOR COURT OF GRAHAM COUNTY on his conviction to the ARIZONA COURT OF APPEALS.

///

///

**31.**

The Defendant GRAHAM COUNTY'S Adult Probation Department submitted a report, Authored by Probation Officer Michael Kenehan, on March 5, 2020, as a result of a presentence investigation resulting from his conviction on the above charges in preparation for a March 11, 2020 sentencing date. The summary report detailed the recommendations for the sentencing for the Superior Court.

**32.**

The Plaintiff HARLEY ODELL WELLS was sentenced for his alleged criminal conduct on March 11, 2020 to three (3) years of standard supervised probation, six (6) days in jail with credit for time served plus assessments of $75 monthly, @20 time payment fee, $20 surcharge, $10 Court Security fee and #13 Law enforcement Assessment.

**33.**

The ARIZONA COURT OF APPEALS issued its ruling vacating and remanding the Plaintiff HARLEY WELLS' conviction under appeal case number 2 CA-CR 2020-0066 on July 1, 2021. The Appeals Court found that the prosecution of the Plaintiff was based on the fact that the Defendant's named herein, improperly conflated administrative code with statutory provisions of law in charging and prosecuting him in the Superior Court.

**34.**

On August 10, 2021, the SUPERIOR COURT OF GRAHAM COUNTY, upon receipt of the aforementioned order of the ARIZONA COURT OF APPEALS, dismissed the case, #CR2019-00260, with prejudice to the benefit of the Plaintiff HARLEY O. WELLS.

///

///

///

# CAUSES OF ACTION

## FIRST CLAIM FOR RELIEF

### Gross Negligence

### Count One

### 35.

Plaintiff re-alleges every one of the forgoing paragraphs as though the same were set forth verbatim, incorporated them herein by this reference.

### 36.

That every one of the defendants, and each of their, herein-described acts (of commission and/or omission) was grossly negligent and/or carelessly – and/or – that at all times alleged herein, the defendants, and each of them, acted intentionally, willfully, and/or in reckless disregard of the plaintiff's rights and feelings and/or with such disregard that their actions amount to oppression, malice-in-fact, and/or conscious disregard of the rights of the plaintiff while acting under the color of law.

### 37.

The Defendant GRAHAM COUNTY, by and threw its employees and agents, Defendants Deputy STEVE CARTER, Det. TY WILLIS, Det. S. ENRICO, Det. T. DESKINS, and Deputy MARK SMITH, named herein as defendants, acting in concert of action, arrested, incarcerated and caused the prosecuted the Plaintiff HARLEY ODELL WELLS in conscious disregard of the law or his rights. As such the acts constitute gross negligence as recognized by Arizona law and precedence.

### 38.

The grossly negligent act of charging, arresting under a warrant established in an ORDER HOLDING DEFENDANT TO ANSWER BEFORE THE SUPERIOR COURT, case number CR 2019 220, on

1  September 11, 2019, ending with his trial on or about February 5-6, 2020, was as noted in the

2  reversal by the Arizona Appellate Court, as being improper and falls outside of qualified immunity

3  for public officials or for parties acting in their respective individual capacities.

39.

5  While Common law qualified immunity generally provides public officials protection from

6  liability when performing an act that inherently requires judgement or discretion, the acts of the

7  named defendant falls outside of the immunity provided as an administrative act or discretionary

8  function. The law established by the Arizona legislature has been clearly annotated which the

9  Arizona Appellate Court ruled in reversing the Superior Court's conviction of the Plaintiff

10  HARLEY ODELL WELLS.

40.

12  Such acts in charging and ultimately convicting the Plaintiff HARLEY O. WELLS with a

13  crime, as the ARIZONA COURT OF APPEALS ruling in overturning his conviction, was predicated on

14  the improper application of Arizona Administrative Code by conflating such code with the Arizona

15  Revised Statutes. Such code is commercial or regulatory while the statutes concerning the lawful

16  cultivation of marijuana concerns criminal acts. The Defendants, by and through their respective

17  agents, are experienced law enforcement agents, who's acts clearly fall outside of the discretionary

18  functions and constitutes a reckless disregard of the Plaintiff's rights.

41.

20  In clarifying the above, prior to even securing a search warrant, Deputy Kendall Curtis of

21  the Graham County Sheriff's Department, who was a member of the Southeastern Arizona Drug

22  Task Force, was asked by Defendant Deputy MARK SMITH to participate in the upcoming service

23  of a search warrant on the plaintiff's property. Deputy Curtis directly and unequivocally declined

24

25

to participate in the effort and in fact commented to Defendant SMITH that the plaintiff HARLEY ODELL WELLS was not breaking any laws and that they should not proceed.

**42.**

Furthermore, the actions of Defendant Graham County, acting threw its agent, Defendant Deputy STEVE CARTER, in entering the property owned by the plaintiffs, unannounced and in a stealthy manner, without a warrant, to take pictures of the plaintiff's lawful grow area was grossly negligent and in violation of the Plaintiff's constitutional rights as detailed in the Fourth Amendment to the U.S. Constitution.

**43.**

As such, the actions of the Defendant GRAHAM COUNTY, by and threw its employees and agents, named herein as defendants, acting in concert of action, amounts to gross negligence in disregarding the rights of the Plaintiffs HARLEY ODELL WELLS and CATHERINE M. WELLS.

**44.**

Ultimately, on August 10, 2021, the SUPERIOR COURT OF GRAHAM COUNTY, after reversal by the ARIZONA COURT OF APPEALS, dismissed the criminal case against the Plaintiff HARLEY WELLS, with prejudice.

**45.**

By reason thereof, plaintiff has been injured, sustained losses and suffered damage as herein alleged.

WHEREFORE, plaintiff prays for judgment against defendants, and each of them, as hereinafter set forth.

///

///

## Count Two

### 46.

Plaintiff re-alleges every one of the forgoing paragraphs as though the same were set forth verbatim, incorporated them herein by this reference.

### 47.

That every one of the defendants, and each of their, herein-described acts (of commission and/or omission), committed under the color of law, was grossly negligent and/or carelessly — and/or — that at all times alleged herein, the defendants, and each of them, acted intentionally, willfully, and/or in reckless disregard of the plaintiff's rights and feelings and/or with such disregard that their actions amount to oppression, malice-in-fact, and/or conscious disregard of the rights of the plaintiff.

### 48.

Upon the issuance of a search warrant (AZ1800431153) on or about October 25, 2018, the Defendants GRAHAM COUNTY, by and threw its employees and agents, named herein as defendants, seized property located, designated and detailed under the aforementioned report.

### 49.

As previously indicated the Plaintiff HARLEY ODELL WELLS was ultimately arrested and stood trial for violation of A.R.S. 36-2801(6) which is a statutory provision of the Arizona Medical Marijuana Act (AMMA). At trial he was convicted of the charges brought for by the State of Arizona in case number CR2019-00260.

### 50.

Also as previously indicated, the ARIZONA COURT OF APPEALS overturned the Plaintiff HARLEY O. WELLS' conviction as reversible error. Furthermore, the SUPERIOR COURT OF

1  GRAHAM COUNTY dismissed the criminal case against the plaintiff with prejudice on August 10,
2  2021.

### 51.

4  After the SUPERIOR COURT OF GRAHAM COUNTY dismissed the criminal case, the
5  Defendant GRAHAM COUNTY, by and threw its employees and agents, named herein as
6  defendants, refused to return the property of plaintiffs HARLEY O. WELLS and CATHERINE
7  M. WELLS the was seized and/or destroyed under the search warrant issued by Superior Court
8  Judge Michael Peterson.

### 52.

10  Specifically, regarding the plaintiff Catherine M. Wells, upon the issuance of a search
11  warrant (AZ1800431153) on or about October 25, 2018, the Defendant GRAHAM COUNTY, by
12  and threw its employees and agents, named herein as defendants, acting by and through their
13  agents, seized property located, designated and detailed under the aforementioned report.

### 53.

15  The stated search warrant was issued in the name of Plaintiff HARLEY ODEAL WELLS
16  as evidenced in the Arizona Department of Public Safety, General Report authored and filed by
17  Defendant Detective T. WILLIS, #5815 under incident report AZ1800431153.

### 54.

19  In seizing the property under the search warrant, the reporting officer(s) failed to disclose
20  to the court in their respective report that the growing of marijuana was conducted under the
21  AMMA and that two separate and segregated grow areas were in fact the conditions upon their
22  arrival and that one of the areas was clearly and concisely posted and marked as being under the
23  valid AMMA license of the Plaintiff CATHERINE M. WELLS.

24  ///

25

**55.**

The Plaintiff CATHERINE M. WELLS was never charged with any crime nor brought before any court for any alleged violation of Arizona statutory provisions under the stated AMMA.

**56.**

The Plaintiff contends that the seizure of her exclusive property was improper, unlawful and in violation of the Fourth Amendment to the U.S. Constitution. As such, the actions of the Defendant GRAHAM COUNTY, by and threw its employees and agents, named herein as defendants, was in conscious disregard for the Plaintiff CATHERINE M. WELLS rights, constituting gross negligence as being in total disregard of the law and legal precedence.

**57.**

In addition, in furtherance of their conduct, the Defendants GRAHAM COUNTY, by and threw its employees and agents, named herein as defendants, as with her husband, Plaintiff HARLEY WELLS, has refused to return the property of the Plaintiff CATHERINE M. WELLS, upon demand. Furthering their act(s) in violation of her rights which is an extension of the defendant's conscious disregard of the law and rights of the Plaintiff.

**58.**

By reason thereof, plaintiff has been injured, sustained losses and suffered damage as herein alleged.

WHEREFORE, plaintiff prays for judgment against defendants, and each of them, as hereinafter set forth.

**59.**

Such an act in their refusal to return the property seized or destroyed by the defendant GRAHAM COUNTY, by and threw its employees and agents, named herein as defendants, under a search warrant, after the case had been dismissed as a result of the Decision Order issued by the

ARIZONA COURT OF APPEALS and the subsequent SUPERIOR COURT OF GRAHAM COUNTY'S dismissal with prejudice constitutes an act of gross negligence by the multiple agents of the defendants.

60.

By reason thereof, plaintiff has been injured, sustained losses and suffered damage as herein alleged.

WHEREFORE, plaintiff prays for judgment against defendants, and each of them, as hereinafter set forth.

### SECOND CLAIM FOR RELIEF

### FALSE ARREST AND IMPRISONMENT

61.

Plaintiff re-alleges every one of the forgoing paragraphs as though the same were set forth verbatim, incorporated them herein by this reference.

62.

That every one of the defendants, and each of their, herein-described acts (of commission and/or omission), acting under the color of law, was grossly negligent and/or carelessly – and/or – that at all times alleged herein, the defendants, and each of them, acted intentionally, willfully, and/or in reckless disregard of the plaintiff's rights and feelings and/or with such disregard that their actions amount to oppression, malice-in-fact, and/or conscious disregard of the rights of the plaintiff.

63.

As is evident by the ARIZONA COURT OF APPEALS reversal of the lower court's conviction of the Plaintiff HARLEY ODELL WELLS under case/order number 2 CA-CR 2020-0066, THE Superior Court as well as the agents of the defendants conflated and combined the Arizona

1  Administrative Code with the Arizona Revised Statutes to the detriment of the Plaintiff HARLEY

2  O. WELLS.

3                                    64.

4      In conjunction to the above, the fact that the Defendant's collectively, failed to disclose to

5  the court, that they were informed prior to acquiring and executing the search warrant, that an

6  experienced law enforcement officer had in fact counseled them that the Plaintiff was not breaking

7  any laws to warrant their attempt to acquire the search warrant, the defendant Graham County,

8  acting by and threw its employees and agents named herein as defendants, intentionally and

9  willfully arrested and committed the Plaintiff HARLEY O. WELLS to detention for a period of

10  six (6) days.

11                                   65.

12     Such actions by the STATE OF ARIZONA and Defendant GRAHAM COUNTY, by and

13  threw its employees and agents named herein as defendants, acting in concert of action, constitutes

14  false arrest and imprisonment under false charges which were manufactured and presented to the

15  Court for the sole purpose of punishing the Plaintiff HARLEY O. WELLS in a punitive manner.

16                                   66.

17     By reason thereof, plaintiff has been injured, sustained losses and suffered damage as

18  herein alleged.

19     WHEREFORE, plaintiff prays for judgment against defendants, and each of them, as

20  hereinafter set forth.

21                          **THIRD CLAIM FOR RELIEF**

22                          **Malicious Prosecution**

23  ///

24  ///

25                                    18

**67.**

Plaintiff re-alleges every one of the forgoing paragraphs as though the same were set forth verbatim, incorporated them herein by this reference.

**68.**

That every one of the defendants, and each of their, herein-described acts (of commission and/or omission) was grossly negligent and/or carelessly – and/or – that at all times alleged herein, the defendants, and each of them, acted intentionally, willfully, and/or in reckless disregard of the plaintiff's rights and feelings and/or with such disregard that their actions amount to oppression, malice-in-fact, and/or conscious disregard of the rights of the plaintiff.

**69.**

As is evident by the ARIZONA COURT OF APPEALS reversal of the lower court's conviction of the Plaintiff HARLEY WELLS under case/order number 2 CA-CR 2020-0066, THE Superior Court as well as the agents of the defendants conflated and combined the Arizona Administrative Code with the Arizona Revised Statutes to the detriment of the Plaintiff HARLEY O. WELLS.

**70.**

In conducting themselves in this manner, as is evidenced in the ARIZONA DEPARTMENT OF PUBLIC SAFETY, General Report, authored and filed by Defendant DETECTIVE T. WILLIS #5815, under incident report AZ1800431153, the defendant GRAHAM COUNTY, by and threw its employees and agents named herein as defendants, acting in concert of action, clearly accomplished this act and promoted the grossly negligent approach before the court in order to charge the Plaintiff HARLEY ODELL WELLS under the Order Holding Defendant To Answer Before the Superior Court on the stated charges, CR 2019 220 on September 11, 2019.

///

**71.**

In fact, statements made by Defendant DET. WILLIS in the report clearly delineates that he did in fact conflate the Arizona Revises Statutes with parts of the Arizona Administrative code and submitted such statements to the Superior Court which led to the filing of charges against the plaintiff HARLEY ODELL WELLS. In addition, the Defendant's collectively, failed to disclose to the court, that they were informed prior to acquiring and executing the search warrant, that an experienced law enforcement officer had in fact counseled them that the Plaintiff was not breaking any laws to warrant their attempt to acquire the search warrant. In essence, the named defendants failed to disclose exculpatory evidence and information to the court in their zeal to secure the search warrant.

**72.**

Such actions by the STATE OF ARIZONA and Defendant GRAHAM COUNTY, by and threw its employees and agents named herein as defendants, acting in concert of action, constitutes malicious prosecution against the Plaintiff HARLEY ODELL WELLS that is not protected under immunity based on a discretionary or administrative act or subject to judgement or discretion.

**73.**

By reason thereof, plaintiff has been injured, sustained losses and suffered damage as herein alleged.

WHEREFORE, plaintiff prays for judgment against defendants, and each of them, as hereinafter set forth.

///

///

///

## FOURTH CLAIM FOR RELIEF

### Civil Rights Violation under 42 U.S.C. § 1983

**74.**

Plaintiff re-alleges every one of the forgoing paragraphs as though the same were set forth verbatim, incorporated them herein by this reference.

**75.**

That every one of the defendants, and each of their, herein-described acts (of commission and/or omission) was grossly negligent and/or carelessly – and/or – that at all times alleged herein, the defendants, and each of them, acted intentionally, willfully, and/or in reckless disregard of the plaintiff's rights and feelings and/or with such disregard that their actions amount to oppression, malice-in-fact, and/or conscious disregard of the rights of the plaintiffs and are subject to 18 U.S. Code § 242.

**76.**

On information and belief, the STATE OF ARIZONA and Defendant GRAHAM COUNTY, by and threw its agents named herein as defendants, acting in concert of action, violated the protections afforded and secured to the Plaintiff's HARLEY O. WELLS and CATHERINE M. WELLS under 42 U.S.C. § 1983.

**77.**

Regarding the STATE OF ARIZONA and Defendant GRAHAM COUNTY, while acting in concert with named defendant state and county actors, actively worked and acted in depriving the Plaintiff's HARLEY O. WELLS and CATHERINE M. WELLS of their rights, privileges, or immunities secured by the Constitution and laws, both federal and state.

///

///

**78.**

As is set forth herein, the artifice and scheme by the STATE OF ARIZONA and Defendant GRAHAM COUNTY, by and through their agents and employees named herein as defendants, was purposefully designed to unlawfully deprive, either directly or indirectly, the Plaintiffs HARLEY O. WELLS and CATHERINE M. WELLS of the equal protection of the laws, or of equal privileges and immunities under the law; or for the purpose of unlawfully enticing, urging and constructing a case before the constituted authorities of the Superior Court of Graham County, State of Arizona against the Plaintiff HARLEY O. WELLS and a seizure of the plaintiff CATHERINE M. WELLS property.

**79.**

As a result of the actions of the Defendant GRAHAM COUNTY, by and through their agents and employees named herein as defendants, the Plaintiff HARLEY ODELL WELLS was unlawfully incarcerated for a period of six days, had his and the Plaintiff CATHERINE M. WELLS' property being destroyed and seized and never returned to them undamaged. Nor were they ever compensated for the damages caused by the actions of the defendants named herein.

**80.**

By reason thereof, plaintiff has been injured, sustained losses and suffered damage as herein alleged.

WHEREFORE, plaintiff prays for judgment against defendants, and each of them, as hereinafter set forth.

///

///

///

## FIFTH CLAIM FOR RELIEF

## Civil Rights Violation under 42 U.S.C. § 1985 (3)

### 81.

Plaintiff re-alleges every one of the forgoing paragraphs as though the same were set forth verbatim, incorporated them herein by this reference.

### 82.

That every one of the defendants, and each of their, herein-described acts (of commission and/or omission) was grossly negligent and/or carelessly – and/or – that at all times alleged herein, the defendants, and each of them, acted intentionally, willfully, and/or in reckless disregard of the plaintiff's rights and feelings and/or with such disregard that their actions amount to oppression, malice-in-fact, and/or conscious disregard of the rights of the plaintiff while acting under the color of law.

### 83.

As is set forth herein, the artifice and scheme to purposefully deprive, either directly or indirectly, the Plaintiff's HARLEY O. WELLS and CATHERINE M. WELLS of the equal protection of the laws, or of equal privileges and immunities under the law; or for the purpose of preventing or hindering the constituted authorities of the STATE OF ARIZONA and Defendant GRAHAM COUNTY, by and through their agents and employees, from giving or securing to the Plaintiff's HARLEY O. WELLS and CATHERINE M. WELLS the equal protection of the laws was conducted by multiple conspiring parties.

### 84.

From the onset of the actions by the STATE OF ARIZONA and Defendant GRAHAM COUNTY, by and through their agents and employees named as defendants herein, in securing a search warrant under questionable circumstances which lead to the prosecution of the Plaintiff

HARLEY ODELL WELLS, clearly the concerted effort, under the color of law, was designed to intimidate the plaintiff into submission to their authority even when such authority was misguided, improper and unlawful.

85.

As experienced law enforcement officers, the agents and employees of the STATE OF ARIZONA and defendant GRAHAM COUNTY were in a position to know and did in fact have constructive knowledge that the Plaintiff HARLEY WELLS in growing marijuana under the AMMA was acting lawfully and within the statutes detailed in the Arizona Revised Statutes as set by the state legislature. Prior to the execution of the aforementioned search warrant upon the plaintiff's property, the named actors were in fact told directly by a long-experienced deputy, now retired, assigned to the Southeastern Arizona Drug Task Force that the plaintiff HARLEY O. WELLS was not in fact breaking any laws.

86.

The STATE OF ARIZONA and defendant GRAHAM COUNTY, by and through their agents and employees named as defendants herein, chose instead to disregard the legal interests of the Plaintiffs HARLEY WELLS and CATHERINE M. WELLS even though they both had conducted themselves within the law and were in fact bonified card holders entitling them to grow marijuana. In totality, the circumstances giving rise to this complaint suggests the existence of a conspiracy against giving or securing to both the Plaintiffs HARLEY WELLS and CATHERINE M. WELLS the equal protection and immunities of the laws.

87.

By reason thereof, plaintiff has been injured, sustained losses and suffered damage as herein alleged.

WHEREFORE, plaintiff prays for judgment against defendants, and each of them, as hereinafter set forth.

### SIXTH CLAIM FOR RELIEF

### Civil Rights Violation under 14th Amendment

### Count One

**88.**

Plaintiff re-alleges every one of the forgoing paragraphs as though the same were set forth verbatim, incorporated them herein by this reference.

**89.**

That every one of the defendants, and each of their, herein-described acts (of commission and/or omission) was grossly negligent and/or carelessly – and/or – that at all times alleged herein, the defendants, and each of them, acted intentionally, willfully, and/or in reckless disregard of the plaintiff's rights and feelings and/or with such disregard that their actions amount to oppression, malice-in-fact, and/or conscious disregard of the rights of the plaintiff.

**90.**

The Fourteenth Amendment to the Constitution under Section 1 guarantees that "no State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws".

**91.**

All such 14th Amendment claims are directly associated to and directly linked to prior detailed civil rights violations under 42 U.S.C. § 1983 & §1985.

///

///

92.

During the trial on the charges brought before him on February 5-6, 2020, the Plaintiff HARLEY WELLS was refused the opportunity to examine in open court before the jury of the evidence (marijuana) that was seized during the execution and service of the search warrant on his property on October 30, 2018.

93.

Such evidence was located in what is reported to be up to 30 individual sealed boxes that upon external examination and by physically picking them up, suggests that the boxes were in fact empty. Upon noticing this fact, the Plaintiff HARLEY WELLS addressed this issue before the court and was rebuffed and denied the ability to open the boxes in open court to inspect the contents of the boxes.

94.

Instead, the prosecution for the defendant showed the jury a series of photos that were alleged to be contents of the asserted boxes. However, at no time was the existence of this evidence as being contained in the boxes, confirmed before the jury, and in fact the court suggested that the examination of the evidence in open court would be offensive to the female members of the jury. A clear violation of the Plaintiff HARLEY O. WELLS due process rights.

95.

The Plaintiff HARLEY WELLS, is as a matter of due process, lawfully entitled to inspect and show the jury the evidence that the prosecution is presenting for their case against him. The Superior Court of Graham County failed to afford the plaintiff of this basic fundamental right in violation of the 14th amendment.

96.

As a result of this action or inaction, combined with other acts by the Court, the Plaintiff HARLEY WELLS was convicted of the charges against him and suffered the consequence of such

a conviction and was forced to appeal the decision of the Court to the ARIZONA COURT OF APPEALS. The conviction was reversed and remanded back to the SUPERIOR COURT OF GRAHAM COUNTY, at which time the Court dismissed the case with prejudice.

97.

By reason thereof, plaintiff has been injured, sustained losses and suffered damage as herein alleged.

WHEREFORE, plaintiff prays for judgment against defendants, and each of them, as hereinafter set forth.

## Count Two

98.

Plaintiff re-alleges every one of the forgoing paragraphs as though the same were set forth verbatim, incorporated them herein by this reference.

99.

That every one of the defendants, and each of their, herein-described acts (of commission and/or omission) was grossly negligent and/or carelessly – and/or – that at all times alleged herein, the defendants, and each of them, acted intentionally, willfully, and/or in reckless disregard of the plaintiff's rights and feelings and/or with such disregard that their actions amount to oppression, malice-in-fact, and/or conscious disregard of the rights of the plaintiff.

100.

The Fourteenth Amendment to the Constitution under Section 1 guarantees that "no State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws".

///

**101.**

All such 14th Amendment claims are directly associated to and directly linked to prior detailed civil rights violations under 42 U.S.C. § 1983 & §1985.

**102.**

At the conclusion of the trial on the charges brought before him on February 5-6, 2020, the Plaintiff HARLEY O. WELLS was refused the opportunity to examine and question the jury as to the reasons and rationales that were used to come to their respective verdict in the case.

**103.**

In dismissing the jury before affording the Plaintiff HARLEY WELLS the opportunity to question them on the process in which they used to come to their guilty verdict, the Court, even when requested by the plaintiff, then defendant, interceded in providing a commonly used practice that is utilized to determine pathways to appeal the decision of the Court.

**104.**

Such an act by the State of ARIZONA and the unlawful practice of Defendant GRAHAM COUNTY, by and through their agents and employees, named as defendants herein, acting under the color of law, has violated the due process rights of the PLAINTIFF HARLEY WELLS as clearly laid out in the 14th Amendment to the U.S. Constitution.

**105.**

By reason thereof, plaintiff has been injured, sustained losses and suffered damage as herein alleged.

WHEREFORE, plaintiff prays for judgment against defendants, and each of them, as hereinafter set forth.

///

///

///

## Intentional Infliction of Emotional Distress

### 106.

Plaintiff re-alleges every one of the forgoing paragraphs as though the same were set forth verbatim, incorporated them herein by this reference.

### 107.

That every one of the defendants, and each of their, herein-described acts (of commission and/or omission) was grossly negligent and/or carelessly – and/or – that at all times alleged herein, the defendants, and each of them, acted intentionally, willfully, and/or in reckless disregard of the plaintiff's rights and feelings and/or with such disregard that their actions amount to oppression, malice-in-fact, and/or conscious disregard of the rights of the plaintiff while acting under the color of law.

### 108.

The heretofore Intentional Infliction of Emotional Distress claim is directly associated to and directly linked to the herein detailed civil rights violations under 42 U.S.C. § 1983 & § 1985, Civil and procedural rights violations under the 14th Amendment, constitutional violations of protections against unlawful seizure of property under the 4th Amendment, malicious arrest and malicious prosecution.

### 109.

The herein acts alleged to be committed by the Defendants GRAHAM COUNTY, by and through their agents and employees, named as defendants herein, were done with total and complete disregard of the Plaintiffs HARLEY O. WELLS and CATHERINE M. WELLS rights and were extreme or outrageous with either the intention of, or reckless disregard for causing

1 emotional distress to the Plaintiffs and would be considered a shock to the conscience of anyone

2 that would be subjected to such conduct.

### 110.

4 The Plaintiffs HARLEY WELLS and CATHERINE M. WELLS acted within the

5 provisions of the Arizona Revised Statutes under the AMMA and have experienced and/or suffered

6 severe or extreme emotional distress as the actual or proximate result of the Defendant GRAHAM

7 COUNTY, by and through their agents and employees, named as defendants herein, collective

8 conduct as detailed herein.

### 111.

10 By reason thereof, plaintiff has been injured, sustained losses and suffered damage as

11 herein alleged.

12 WHEREFORE, plaintiff prays for judgment against defendants, and each of them, as

13 hereinafter set forth.

14

### Prayers for Relief

16 WHEREFORE, Plaintiffs HARLEY WELLS and CATHERINE M. WELLS prays for

17 judgment against defendants, and each of them, hereinafter set forth.

18     A. General damages in an amount in excess of Two Million Dollars ($2,000,000.00) for

19         actual or compensatory damages;

20     B. Compensatory damages in the amount of One Hundred Fifty Thousand Dollars

21         ($150,000.00) for each violation of the each of the Plaintiff's constitutional and civil

22         rights: totaling Nine Hundred Thousand Dollars ($900,000.00); and,

23     C. Compensatory damages for emotional distress in excess of One Million Dollars

24         ($1,000,000.00); and,

25

D. Reimbursement for attorney fees, cost-of-suit and investigation incurred hereby; and,

E. For punitive and/or exemplary damages in an amount in excess of Fifteen Thousand Dollars ($15,000).

Plaintiff further prays for the Court to grant such other relief as is just and proper, including but not limited to, the costs of this action and their reasonable attorney fees and expenses pursuant to the Arizona Revised Statutes and the Arizona Rules of Civil Procedure.

I hereby certify that I have read this Complaint, and to the best of my knowledge, information and belief, it is not frivolous or interposed for any improper purpose.

DATED this 10th day of November, 2022.

Respectfully submitted,

HARLEY O. WELLS
9222 S. Wells Rd.
Safford, AZ 85546
(928)322-7265

CATHERINE M. WELLS
9222 S. Wells Rd.
Safford, AZ 85546
(928)228-3142

Plaintiffs Standing Pro Se

31

# CERTIFICATE OF SERVICE

We the undersigned hereby certify that on the _10th_ day of _November_, 2022, we personally filed the herein First Amended Complaint with the Clerk of the Court causing the filing to be recorded in the TurboCourt/ECF system.

We hereby further certify that on the same day, we served the same, First Amended Complaint, by U.S. first class mail, to the following:

MARK BRNOVICH
NEVADA STATE ATTORNEY GENERAL

JENNIFER J. SANDERS
Assistant Attorney General
416 W. Congress St., 2nd Floor
Tucson, Arizona 85701-1315

*Attorney for Defendant State of Arizona*

&

JELLISON & ROBENS, PLLC

MARK J. ROBENS, ESQ.
JAMES M. JELLISON, ESQ.

18801 North Thompson Peak Parkway
Suite D235
Scottsdale, AZ 85255

*Attorney for Defendant Graham County, Arizona*

HARLEY O. WELLS
9222 S. Wells Rd.
Safford, AZ 85546
(928)322-7265

CATHERINE M. WELLS
9222 S. Wells Rd.
Safford, AZ 85546
(928)228-3142